IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM LEE CLIFTON,

                Plaintiff

          VS.                     NO. 5:07-CV-373 (CAR)

JAMES E. DONALD,
TYRUS MEADOWS,           **PROCEEDINGS UNDER 42 U.S.C. §1983**
JOHN FORD, KATHY MCDADE,     **BEFORE THE U. S. MAGISTRATE JUDGE**
Officer LINDER, Officer FRASIER,
Officer WINFREY, Officer CONNER,
Cert. Officer JOSEY, and Dr. ROGERS,

                Defendants

# ORDER AND RECOMMENDATION

Plaintiff **WILLIAM LEE CLIFTON**, formerly an inmate at the Georgia Diagnostic and Classification Prison and Washington State Prison, both of which are located in the Middle District of Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated December 12, 2007, the Court granted his motion to proceed *in forma pauperis*.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff WILLIAM LEE CLIFYON avers that on May 21, 2005, while he was incarcerated at the Georgia Diagnostic and Classifications prison in Jackson, Georgia, he was assaulted by another inmate. Plaintiff states that he reported this assault to Officer Linder who then announced to all inmates in the cell block that plaintiff was a snitch. Plaintiff explains that this placed his life in danger and that he sustained many additional assaults because of the "snitch" label that Officer Linder placed on him.

According to plaintiff CLIFTON, he, along with many other inmates from his cell block, were transferred to Washington State Prison on June 15, 2005. Plaintiff explains that many of these other inmates were the ones "who heard defendant Officer Linder say that Plaintiff was a snitch." He alleges that on December 28, 2005, Officer Josey allowed inmate Allen to assault plaintiff. According to plaintiff, inmate Allen did this because he knew that plaintiff had been labeled a snitch by Officer Linder.

Plaintiff alleges that he was assaulted on February 2, 2006, and severely beaten by another inmate. According to plaintiff, Officer Frasier watched the assault and did nothing. He again avers that this other inmate assaulted him because that inmate heard Officer Linder call plaintiff a snitch many months earlier.

Plaintiff complains that he was assaulted again on March 27, 2006 by inmates wielding "net bags with locks in them" who beat him and called him a snitch. According to plaintiff, Officers Conner and Winfrey watched the assault and did nothing to protect plaintiff. Plaintiff contends that he was severely injured with bruises, cuts, and cracked ribs, and that his left hand was broken in two places.

Plaintiff CLIFTON states that was finally taken to the Jefferson Hospital Emergency Room on March 29, 2006, and alleges that the doctor at the hospital prescribed pain medication. Plaintiff advises that upon his return to Washington State Prison, Dr. Rogers told him that he would receive the prescribed pain medication; however, he did not receive any pain medication for 20 days. Plaintiff avers that he was in severe pain for these 20 days.

In addition the above-named defendants, plaintiff has also named James E. Donald, Tyrus Meadows, Deputy Warden of Security John Ford, and Deputy Warden of Care and Treatment Kathy McDade.[1] Plaintiff explains that these defendants were "grossly negligent in managing the people" they supervise.

It is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of *respondeat superior* or supervisory liability. **Rogers v. Evans**, 792 F.2d 1052 (11th Cir. 1986); **H.C. by Hewett v. Jarrard**, 786 F.2d 1080 (11th Cir. 1986). Instead, a plaintiff must show that the supervisor *personally* participated in the alleged constitutional violation or that there is a *causal connection* between the actions of the supervising official and the alleged constitutional deprivation. **H.C. by Hewett**, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." **Brown v. Crawford**, 906 F.2d 667, 671 (11th Cir. 1990), **cert. denied**, 500 U.S. 933 (1991).

Plaintiff does not allege that James E. Donald, Tyrus Meadows, Deputy Warden of Security John Ford, and Deputy Warden of Care and Treatment Kathy McDade were personally involved in any of his alleged constitutional deprivations. He does complain that several of these defendants must have known of the assaults because he filed grievances. However, this is not enough to establish liability. **See Dunn v. Martin**, 2006 WL 1049403 at *2 (11th Cir. 2006) (holding that a prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure

---

[1] Plaintiff originally named Dr. Young, a physician at Augusta State Medical Prison, as a defendant in this action. However, the Court explained to plaintiff the United States District Court for the Southern District of Georgia is the appropriate venue for claims against officials employed at Augusta State Medical Prison and that he could file an action in the Southern District should he wish to pursue a claim against Dr. Young. Plaintiff did not name Dr. Young in his Recast Complaint, and the Court will not show Dr. Young as a defendant in this action.

and as such, the denial of a prisoner's grievance is not actionable under § 1983). Plaintiff's assertions simply do not establish the causal connection necessary to hold James E. Donald, Tyrus Meadows, Deputy Warden of Security John Ford, and Deputy Warden of Care and Treatment Kathy McDade responsible for the plaintiff's alleged constitutional deprivations. Accordingly, IT IS RECOMMENDED that **James E. Donald, Tyrus Meadows, Deputy Warden of Security John Ford, and Deputy Warden of Care and Treatment Kathy McDade** be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy of this order.

However, the undersigned finds that at this point in the litigation, the claims against **Officer Linder, Officer Frasier, Officer Winfrey, Officer Conner, Officer Josey, and Dr. Rogers** cannot be found to be wholly frivolous. Therefore, plaintiff's action shall go forward against these defendants. IT IS ORDERED AND DIRECTED that service be made as provided by law upon these defendant(s); that a WAIVER OF REPLY, an ANSWER <u>or</u> such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendant(s) as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ <u>**Duty to Prosecute Action**</u>

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

<u>**Filing and Service of Motions, Pleadings, Discovery and Correspondence**</u>

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including</u> <u>letters</u> <u>to</u> <u>the</u> <u>Clerk</u> <u>or</u> <u>to</u> <u>a</u> <u>judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **Certificate of Service** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

**THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!**

<u>**Discovery**</u>

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

☞                 **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

# ELECTION TO PROCEED BEFORE THE
# UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 8th day of January, 2008.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.